(February 15, 1886.)

## TAYLOR v. STEVENSON ET AL.

### [9 Pac. 642.]

POWER TO LEGISLATE IN THE TERRITORIES.—The legislative power of the territory extends to all "rightful subjects of legislation," subject to the limitations placed thereon by the constitution of the United States.

ACT IN CONFLICT WITH ORGANIC ACT—APPOINTMENT OF OFFICER BY GOVERNOR.—An act of the legislative assembly of the territory which devests the governor of the power confided to him by Congress to appoint certain territorial officers is in conflict with the letter and spirit of the organic act, and therefore void.

Smith & Wright and H. M. Bennett, for Appellant.

The act of the thirteenth session, known as the Prison Commission Bill, is invalid for the following reasons: 1. The commission is illegally organized, being in violation of section 1857 of the Revised Statutes of the United States; 2. The tenth section of the act is in violation of sections 1892 to 1895 of the Revised Statutes of the United States, as amended. If the court should hold the act valid, it is as yet inoperative for the reason that no contract has been made under it; and of the fact that no contract has been made, the court will take judicial notice. (See Code Civ. Proc., sec. 896; 13th Sess., sec. 7, p. 155.) By section 4, page 155 of the Thirteenth Session Laws, power is conferred upon the prison commission to make arrangements for transportation of prisoners hereafter convicted, and to fix the compensation of the officer or agent transporting them. No such arrangements have been made; and of this fact the court also takes judicial notice.

D. P. B. Pride, Attorney General, and Silas W̄. Moody, for Respondents.

The governor and treasurer being *ex-officio* members of the prison commission, which is a *quasi* corporation, this action will necessarily involve the question of the validity of its organization, and this being a collateral suit, any defects in relation thereto cannot be inquired into. (*Boise City Canal v. Pink-*

*ham,* 1 Idaho, 790.)    The act in question, known as the Prison Commission Bill of the Thirteenth Session, is not invalid as claimed by appellant: 1. The commission is legally organized. Section 1, page 154, of the Thirteenth Session Laws, substantially complies with section 1857 of the Revised Statutes of the United States.    The tenth section of the act is not in violation of sections 1892 to 1895 of the Revised Statutes as amended. (See U. S. Rev. Stats., c. 332, pp. 49, 50, secs. 1936, 1937; and Supp. U. S. Rev. Stats., par. 4, p. 559.)

BRODERICK, J.—This action was commenced in the district court of Ada county to have the governor, comptroller, and treasurer audit and allow the bill of plaintiff as sheriff of Bingham county for transporting two prisoners, under sentence, from Blackfoot, Idaho, to the territorial prison, at Boise City, at the rate of seventy cents per mile, the compensation being claimed under the provisions of an act entitled "An act to provide for the keeping, discipline, and management of the territorial prisoners." (11th Sess. Laws, 303.) This statute was approved February 10, 1881. An alternative writ of mandate was issued, and the defendants voluntarily appeared and demurred to the writ. The demurrer was treated as a motion to quash, and was sustained by the court. The plaintiff excepted and appealed, and here assigns as error the ruling upon the demurrer. The first three sections of the act under which this claim to compensation is made confers certain powers and imposes certain duties upon the governor, treasurer, and United States marshal as to the discipline, management, and maintenance of the territorial prisoners. Section 4 of the act fixes the compensation for the officers conveying the prisoners from the several counties to the territorial prison, and provides in substance that the governor, comptroller, and treasurer, or any two of them, shall audit the accounts, and the comptroller shall draw his warrant upon the territorial treasurer, and deliver the same to the officer entitled thereto, and the treasurer shall pay the same.

The defendants contend that this act is repealed, and that plaintiff's claim must be presented and audited under a subsequent statute. The thirteenth legislative assembly enacted what

is known as the "Prison Commission Act," which was by its terms to repeal all acts in conflict therewith on and after the first day of April, A. D. 1885. Many of the provisions of this act materially differ from and are in conflict with the former act; indeed, it seems to us that the provisions of the two acts are so clearly repugnant to each other that they cannot stand together.

The principal question presented by this appeal, and the only one we need consider and determine, is whether the act known as the "Prison Commission Act" is a valid enactment. If so, then it follows that the act of 1881 is repealed; but if the act of 1885 is not valid, then it follows that the act of 1881 is still in full force, and is the law of the territory upon the subject to which it relates. The first section of the act of 1885 reads as follows:

"Section 1. The governor and territorial treasurer of Idaho territory, and one other resident thereof that they may select, are hereby appointed prison commissioners for Idaho territory, with power and authority for (in behalf of this territory) the safekeeping, maintaining, and working of all territorial prisoners now under sentence in this territory, and all who may hereafter be sentenced by the courts of this territory to labor in the penitentiary prior to March 1, A. D. 1891. Said commissioners shall have power and authority to contract with the authorities of any state or territory in the United States for the keeping, maintaining and working of the prisoners of the territory, or any part or number of them; provided, that when a contract is made in another territory or state that the price or cost of keeping and maintaining of said prisoners shall not exceed twenty-five cents per day for each prisoner, in addition to the amount allowed contractors for the labor of said prisoners."

The contention on behalf of plaintiff is that this section is in contravention of the provisions of the organic act. The provision relied upon is section 1857 of Revised Statutes of the United States, and is in the following language: "All township, district, and county officers, except justices of the peace and general officers of the militia, shall be appointed or elected in such manner as may be provided by the governor and legislative assembly of each territory; and all other officers not herein oth-

erwise provided for the governor shall nominate, and, by and with the advice and consent of the legislative council of each territory, shall appoint." Congress having the paramount right to legislate for the territories, it must be conceded that if the act of the legislature under consideration is obnoxious to the objection urged against it, the same cannot be upheld or sustained.

It cannot be disputed that this act attempts to create territorial offices, and to appoint two commissioners, who, in conjunction with one other resident of the territory, to be selected and appointed by the two named, should perform the functions of such commissioners for a term of years. This delegation of authority on the part of the governor and legislative council to the two commissioners, to select and appoint another, must be regarded with some degree of misgiving and doubt. All the powers intrusted to government in the territories, as well as in the states, are divided into three departments—the executive, the legislative, and the judicial. It is wisely provided that the functions appropriate to each of these branches of government shall be vested in a separate body of public servants, and it is apparent that the perfection of the system requires that the lines which separate and divide these departments shall be clearly defined and closely followed.

It is also true, as a general proposition, that the powers confided by the fundamental law to one of these departments cannot be exercised by another. And where, as in this case, the organic law provides that the governor, by and with the advice and consent of the legislative council, shall appoint the territorial officers, we do not think that the authority can be delegated to another body and the governor thus devested of his prerogative. If this can be done and sanctioned in one instance it may be in others, and by this method, or in the exercise of the two-thirds legislative rule over the governor's veto, the executive may be deprived of the appointing power which Congress has wisely confided to the executive branch of the territorial government. (*Hill v. Territory,* 2 Wash. Ter. 147, 7 Pac. 63.)

We are clearly of the opinion that the act in question is in conflict with the organic law, and therefore void, and that the plaintiff's claim should be audited under the provisions of the act of A. D. 1881. This conclusion has not been reached with-

out a careful consideration of the questions presented, and the effect this determination may have upon the object sought to be accomplished by the legislation attempted. The subject of the proposed law is doubtless within the scope of "rightful legislation," but the purpose must be accomplished by constitutional methods. (See Supp. U. S. Rev. Stats., par. 4, p. 559.) It was suggested on the argument, but not urged, that if the "prison commission act" is void, the former act is also invalid. We do not think so. The act of A. D. 1881 does not attempt to create offices, nor to appoint officers, but only confers certain duties upon the governor and treasurer *ex-officio*. This the legislature, doubtless, had the power to do, and under the act of Congress last cited we think might have gone further and provided for what was intended by the last act of the legislature.

For the reasons given, the judgment of the court below is reversed, and the case remanded, with instructions to overrule the demurrer, and for further proceedings in accordance with this opinion.

Hays, C. J., and Buck, J., concurring.