OPINION OF THE COURT
Hancock, Jr., J.
This appeal concerns the validity of the Legislature’s enactment of the Audit Fee Provision as part of the 1990-1991 State Operations Budget Bill. The Audit Fee Provision — which authorizes defendant Commissioner to assess fees against banking corporations audited for taxes due under article 32 of the Tax Law for the cost of conducting such audits — was added as a legislative amendment to the Budget Bill after its submission to the Legislature by the Governor.
In this action, the Supreme Court and the Appellate Division have declared the Audit Fee Provision null and void as an alteration of an appropriations bill which violates article VII, § 4 of the New York State Constitution because— contrary to the specific mandate of that section — it neither strikes out nor reduces an appropriated item, nor adds a separately stated item of appropriation.[1] We have granted *101 leave to appeal to the Commissioner to address his contentions that plaintiffs’ declaratory judgment action should be dismissed as involving a claim which is not justiciable or, failing that, that the Audit Fee Provision should be declared valid notwithstanding its contravention of article VII, § 4. For reasons to be explained, we are not persuaded by either contention. There should, therefore, be an affirmance.
I
On June 6, 1990 the Legislature enacted the 702-page 1990-1991 State Operations Budget Bill, which contained a $2,997,800 account for expenses incurred in conducting tax audits of banking corporations and bank holding companies subject to tax under article 32 of the Tax Law. Added to this appropriation item on page 441 of the Budget Bill is the Audit Fee Provision[2] which authorizes the assessment of fees against article 32 taxpayers for the cost of their own tax audits. The Audit Fee Provision was enacted in its entirety by the Legislature; it was not a part of the Budget Bill originally submitted by the Governor. The Governor, nevertheless, signed the Budget Bill into law without deleting it (L 1990, ch 50).
In July 1990, acting pursuant to the Audit Fee Provision, the Commissioner began to issue invoices to bank taxpayers, including plaintiff Cayuga Lake National Bank. Cayuga National, joined by the New York State Bankers Association representing the commercial banking industry, commenced this action seeking declaratory and injunctive relief. Supreme Court granted summary judgment to plaintiffs declaring the Audit Fee Provision as well as its implementing regulations null and void as violative of article VII, § 4 of the State Constitution and also enjoined their enforcement. The Appellate Division affirmed, finding no merit to defendant’s addi *102 tional contention that plaintiffs’ challenge to the Audit Fee Provision did not present a justiciable controversy.
II
The essence of defendant’s nonjusticiability argument is that plaintiffs’ challenge to the enactment of the Audit Fee Provision amounts to a judicial invasion of the budgetary process, the exclusive domain of the executive and legislative branches of government. Defendant relies on Saxton v Carey (44 NY2d 545) in which the plaintiffs sought to nullify the entire 1978-1979 State budget because it was insufficiently itemized to meet constitutional requirements (see, NY Const, art VII, §§ 1-7; People v Tremaine, 281 NY 1). In Saxton, we agreed with defendant that the degree of budget itemization was a matter calling for the exercise of judgment and discretion by the Governor and Legislature in implementing the budgetary process and that, as such, it was beyond the courts’ power of review. Although we concluded that the complaint was properly dismissed as nonjusticiable, we cautioned that the budgetary process is not always beyond the realm of judicial consideration and that the "courts will always be available to resolve disputes concerning the scope of that authority which is granted by the Constitution to the other two branches of the government” (Saxton, supra, at 551 [emphasis added]).
It is basic that an "act of the legislature is the voice of the People speaking through their representatives. The authority of the representatives in the legislature is a delegated authority and it is wholly derived from and dependent upon the Constitution” (Matter of Sherrill v O’Brien, 188 NY 185, 199). The sole ground of plaintiffs’ challenge to the Audit Fee Provision is that in adopting the measure as an amendment to the Budget Bill, the Legislature acted beyond its delegated authority by altering the bill in a way that is expressly prohibited by article VII, § 4. Plaintiffs do not ask the courts to pass on the merit of the measure or to review the discretion of the executive or legislative branches in including it as part of the approved budget. The question concerns not what was enacted or its effect on the budgetary process, but whether there was authority to enact the provision at all. Our precedents clearly compel the conclusion that the controversy is justiciable (see, e.g., Matter of Korn v Gulotta, 72 NY2d 363, 369-370; Saxton, supra, at 548-551).
*103 Nevertheless, as a further ground for seeking a dismissal for nonjusticiability, defendant argues that the courts’ invocation of article VII, § 4 is an unwarranted judicial interference in the budgetary process because it amounts to a "purely technical judicial roadblock into the consensual budget process” and because where "the Governor and Legislature are in agreement on the necessity of a change in a budget bill, it makes absolutely no sense to apply section 4 to forbid the change simply because it may technically have been added by the Legislature”. In short, the argument goes, the requirements of the Constitution, as applied here, are of no moment and a claim that there has been noncompliance should be summarily rejected for nonjusticiability as calling for purposeless judicial meddling in the executive and legislative process. But the very point of plaintiffs’ argument on the merits (see, Part III, infra) is that the constitutional violation is a matter of substance which cannot be ignored as trivial. We have found no authority for forestalling a determination on the merits of a constitutional question by dismissing it as nonjusticiable for reasons of alleged triviality. Defendant cites no support for this novel proposition.
Ill
We turn to the merits. Defendant contends first that the Audit Fee Provision should be upheld because its enactment as part of the Budget Bill substantially complies with the dictates of article VII, § 4. As authority, defendant cites Matter of Schneider v Rockefeller (31 NY2d 420) in which legislation was challenged because of an alleged violation of the constitutional requirement that a bill lie on the desks of the Legislature for three calendar legislative days prior to its passage (NY Const, art III, § 14). Although the bill had been placed on the legislative desks three days prior to its passage, it was removed for a few hours on the first day and replaced later the same day for the purpose of making corrections. We held that in these circumstances there had been "substantial compliance with the letter and spirit of the constitutional requirement” (id., at 434), noting that the purpose of the constitutional provision — preventing hasty legislation, prohibiting last-minute amendments and insuring adequate publicity and consideration — had been achieved.
Here, in evident contrast to Schneider, there is a conceded violation of the constitutional provision and no basis for *104 a claim of partial compliance (see, People v Tremaine, 252 NY 27, 47-49 [dealing with former art IV-A, § 3, the predecessor of art VII, § 4]). Without even a semblance of conformity, the Legislature simply proceeded to alter the Budget Bill submitted by the Governor in outright disregard of the dictates of the Constitution. It is self-evident that total noncompliance cannot amount to substantial compliance (see, Matter of Sherrill, supra, at 198).
Defendant maintains, alternatively, that if we do not agree that there was substantial compliance, we should, nevertheless, declare the Audit Fee Provision valid by ignoring the constitutional violation. The argument is that the purpose of article VII, § 4 — harmony between the legislative and executive branches in implementing the budgetary process — was achieved inasmuch as the Governor and the Legislature both acted to show their approval of the Audit Fee Provision. In view of this accord between the two branches, defendant says, the identical measure could have been enacted constitutionally if the Governor had exercised his right to include the provision in the Budget Bill by amendment after its submission (see, NY Const, art VII, §§ 3, 6) and the Legislature thereafter adopted it. Thus, according to defendant, the desired result has been achieved, albeit not in accordance with article VII, § 4, and there is no cause for complaint. The violation, therefore, is of no moment.
The argument is patently flawed. That something which is done illegally could have been done legally, of course, does not excuse the illegality. Beyond that, article VII, § 4 is not, as defendant suggests, a mere procedural requirement in a constitutional process aimed at facilitating agreement in adopting the budget, a requirement which may be waived if the executive and legislative branches agree on it. To the contrary, article VII, § 4 is part of a constitutional scheme for adoption of the budget under which, in general, the Governor is required to initiate and propose the budget legislation.
Article VII, § 4 is an exception. It constitutes a limited grant of authority from the People to the Legislature to alter the budget proposed by the Governor, but only in specific instances. The constitutional command is unambiguous. The Legislature "may not alter an appropriation bill * * * except to strike out or reduce items therein, but it may add thereto items of appropriation” (NY Const, art VII, §4 [emphasis added]). The Audit Fee Provision was adopted in violation of *105 this command. To approve it would be to disparage the very foundation of the People’s protection against abuse of power by the State — the tripartite form of government established in the Constitution. As this Court emphasized almost a century ago:
"The object of a written Constitution is to regulate, define and limit the powers of government by assigning to the executive, legislative and judicial branches distinct and independent powers. The safety of free government rests upon the independence of each branch and the even balance of power between the three. * * * It is not merely for convenience in the transaction of business that they are kept separate by the Constitution, but for the preservation of liberty itself’ (People ex rel. Burby v Howland, 155 NY 270, 282).
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa and Smith concur.
Order affirmed, with costs.

. NY Constitution, article VII, §4 provides in pertinent part: "[t]he Legislature may not alter an appropriation bill submitted by the governor except to strike out or reduce items therein, but it may add thereto items of appropriation provided that such additions are stated separately and dis *101 tinctly from the original items of the bill and refer each to a single object or purpose. None of the restrictions of this section, however, shall apply to appropriations for the legislature or judiciary.”

. The Audit Fee Provision states: "[notwithstanding any other provision of law, the commissioner of taxation and finance is hereby authorized and directed to establish and implement fees to assess such taxpayers for cost [sic] associated with conducting such audits. Such assessments shall include all direct, indirect, fringe benefit and other costs resulting from conducting such audits, including costs incurred in other programs, with the exception of expenses incurred pursuant to administrative hearings and civil judicial proceedings. Notwithstanding any other provision of law, all income derived from fees levied by the commissioner of taxation and finance for such audit expenses shall be deposited to this account.”