Hispanos UNIDOS, Nellie Rivera, Robert Hoffman, Joseph San Martin, Mary Simpson, Michael A. Monagle, Terrance L. Conklin, and Bonnie Blair, Plaintiffs,

v.

GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS; The Legislature of the United States Virgin Islands, the Board of Elections of the St. Croix and St. Thomas/St. John Districts; in their official capacities only, The Senators of the 25th Legislature of the Virgin Islands; Norman Jn. Baptiste, Lorraine L. Berry, Douglas E. Canton, Jr., Roosevelt St. C. David, Adlah Donastorg, Carlton Dowe, Emmett Hansen, II, Louis P. Hill, David S. Jones, Almando Liburd, Shawn–Michael Malone, Luther F. Reneee, Usie Richards, Ronald E. Russell and Celestino A. White, Sr., Defendants.

No. CIV.2003/0139.

District Court, Virgin Islands,
D. St. Croix.

April 19, 2004.

Andrew C. Simpson, Esq., Christiansted, VI, for Plaintiffs.

Yvonne L. Tharpes, Esq., Legislature of the Virgin Islands, St. Thomas, VI, for Defendants.

## MEMORANDUM OPINION

FINCH, Chief Judge.

THIS MATTER comes before the Court on the Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by the Senators of the 25th Legislature, who are sued in their official capacities only.

Plaintiffs allege in their Complaint that the Senators have violated 42 U.S.C. § 1983 and section 2 of the Voting Rights Act of 1965, 42 U.S.C. § 1973(a).[1]  Plain-

---

1. Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Title 42 U.S.C. § 1973(a) provides, in part:

> No voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or

tiffs seek declaratory and injunctive relief as well as attorney's fees. The Senators claim legislative immunity from suit.

## I. Legislative Immunity of Virgin Islands Legislators

The Speech or Debate Clause of the Revised Organic Act of 1954 states that "[n]o member of the legislature shall be held to answer before any tribunal other than the legislature for any speech or debate in the legislature." 48 U.S.C. § 1572(d). Congress intended this clause to provide legislative immunity. S.Rep. No. 83–1271 (1954), *reprinted in* 1954 U.S.C.C.A.N. 2585, 2593.

The Speech or Debate Clause of the Revised Organic Act is worded similarly to the Speech or Debate Clause of the United States Constitution which provides that "for any Speech or Debate in either House, they [Members of Congress] shall not be questioned in any other place." U.S. Const. art. 1, § 6. Because the policies underlying the Speech or Debate Clause of the United States Constitution and the Speech or Debate Clause of the Revised Organic Act are also closely parallel, the Third Circuit Court of Appeals has found "that the interpretation given to the Speech or Debate Clause of the Federal Constitution, while not dispositive as to the meaning of the legislative immunity provision of the Virgin Islands, is, nevertheless, highly instructive." *Government of the Virgin Islands v. Lee,* 775 F.2d 514, 520 (3d Cir.1985).

The Supreme Court of the Territory of Guam likewise noted the similarity in wording and underlying policy between the United States Constitution's Speech or Debate Clause and the Speech or Debate Clause of the Organic Act of Guam, 48 U.S.C. § 1423c(b),[2] which is nearly identical to the Speech or Debate Clause of the Revised Organic Act of 1954. *Hamlet v. Charfauros,* 1999 Guam 18, 1999 WL 359191, *2 (Guam Terr. June 4, 1999). The court took guidance from case authority interpreting the United States Constitution's provision in its interpretation of the Speech or Debate Clause of the Organic Act of Guam. *Id.*

█ This Court will follow the course charted by the Third Circuit and the Guam Supreme Court by considering the case authority interpreting the Speech or Debate Clause of the United States Constitution in determining whether the Senators are immune from suit in this case. The Speech or Debate Clause absolutely bars members of Congress from suits for either prospective relief or damages, so long as they are engaged in the sphere of legitimate legislative activity. *See Eastland v. United States Servicemen's Fund,* 421 U.S. 491, 501–503, 95 S.Ct. 1813, 44 L.Ed.2d 324 (1975). According to the Supreme Court, "the purpose of this immunity is to insure that the legislative function may be performed independently without fear of outside interference." *Supreme Court of Virginia v. Consumers Union of U.S., Inc.,* 446 U.S. 719, 731, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980).

█ For Virgin Islands legislators to carry the burden of defending themselves or to bear the consequences of litigation's results, would force them to divert their time, energy, and attention from their legislative tasks. Thus, guided by the Supreme Court's interpretation of the Speech and Debate Clause of the United States

---

political subdivision in a manner which results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color . . . .

**2.** Title 48 U.S.C. § 1423c(b) provides:

No member of the legislature shall be held to answer before any tribunal other than the legislature itself for any speech or debate in the legislature.

Constitution, the Court finds, that, as a general rule, so long as the Virgin Islands legislators are engaged in the sphere of legitimate legislative activity, they are absolutely immune from suit, including actions seeking damages, as well as those seeking only declaratory or injunctive relief.

## II. Immunity of Virgin Islands Legislators from Suit pursuant to 42 U.S.C. § 1983

One of the questions this case presents is, notwithstanding the absolute immunity from suit that Virgin Islands legislators enjoy as a general rule, whether the Senators of the 25th Legislature are immune from suit brought pursuant to 42 U.S.C. § 1983. "Whether legislators are absolutely immune from suit for violating a federal statute is a question of statutory construction." *Latino Political Action Committee, Inc. v. City of Boston,* 581 F.Supp. 478, 483 (D.Mass.1984).

■ The objective of statutory construction is to ascertain Congress' intent. *Ross v. Hotel Employees and Restaurant Employees Intern. Union,* 266 F.3d 236, 245 (3d Cir.2001). Congress does not legislate in a vacuum, but against a backdrop that includes the decisional law of the Supreme Court. *See Sea–Land Service, Inc. v. United States,* 874 F.2d 169, 173 (3d Cir.1989).

Title 42 U.S.C. § 1983 originated as section 1 of the Ku Klux Klan Act of April 20, 1871, 17 Stat. 13, as a means of enforcing the provisions of the Fourteenth Amendment. *Monroe v. Pape,* 365 U.S. 167, 171, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). In 1951, the Supreme Court held that state legislators could claim legislative immunity if they were sued for violation of section 1 of the 1871 statute—then codified as 8 U.S.C. § 43. *Tenney v. Brandhove,* 341 U.S. 367, 376, 71 S.Ct. 783, 95 L.Ed. 1019 (1951). The Supreme Court determined

that Congress, with the general language of the 1871 statute, did not intend to covertly overturn the tradition of legislative freedom. *Id.*

■ Just three years later, Congress passed the Revised Organic Act of 1954. The Court assumes that when Congress enacted the Speech or Debate Clause of the Revised Organic Act, it was aware that the Supreme Court had recently determined that state legislators were legislatively immune from suit for violation of section 1 of Act of 1871. If Congress was concerned with legislators being afforded such immunity, it could have omitted the Speech or Debate Clause from the Revised Organic Act, specifically provided that Virgin Islands' legislators could be held to answer in civil rights cases, or subjected Virgin Islands' senators to suit particularly in actions for violation of 8 U.S.C. § 43— now 42 U.S.C. § 1983. The Court interprets Congress' passage of the Speech or Debate Clause of the Revised Organic Act without qualification as a manifestation of its intention to guarantee that Virgin Islands' Senators could claim absolute legislative immunity from suit, including from suits brought pursuant to section 1 of the Ku Klux Klan Act of 1871.

■ In addition, under a basic rule of statutory construction, absent contrary legislative intent, a specific enactment controls over a general statute, whether the specific act pre- or post-dates the general statute. *See Creque v. Luis,* 803 F.2d 92, 94 (3d Cir.1986). Section 1983 is a broad, general statute. *Preiser v. Rodriguez,* 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (holding that despite literal applicability of terms of section 1983, specific federal habeas corpus statute governed). The Speech or Debate Clause of the Revised Organic Act applies specifically to Virgin Islands legislators. Thus, the

Speech or Debate Clause of the Revised Organic Act trumps section 1983.

### III. Immunity of Virgin Islands Legislators from Suit pursuant to the Voting Rights Act

As with its enaction of the Speech or Debate Clause of the Revised Organic Act of 1954, Congress passed the Voting Rights Act of 1965 in an environment in which legislative immunity for state legislators for violation of a federal law had been acknowledged by the Supreme Court. Yet in enacting section 2 of the Voting Rights Act of 1965, Congress did not show any intent to abrogate legislative immunity. *Latino Political Action Committee, Inc.*, 581 F.Supp. at 483–84; *Cohen v. Maloney*, 428 F.Supp. 1278, 1281 (D.Del.1977).

The legislative history of the Voting Rights Act indicates that Congress recognized that legislative immunity could restrict enforcement of the Act. The Senate Committee, in considering the Voting Rights Act Amendments of 1982, acknowledged that "barriers of 'legislative immunity' could bar an inquiry into the 'motives involved in the legislative process.' " *Latino Political Action Committee, Inc.*, 581 F.Supp. at 484 (quoting S.Rep. No. 417 (1983), *reprinted in* 1982 U.S.C.C.A.N. 177, 214–15). But Congress, in such amendments, did not attempt to limit the affect that legislative immunity might have on achieving the goals of the Voting Rights Act. Thus, Congress has shown no sign that, with the enactment of the Voting Rights Act of 1965 or the amendments to such Act, it intends to invade the parameters of legislative immunity. Furthermore, under the normal principles of statutory construction, the specific statute protecting Virgin Islands legislators from suit controls over the general legislation providing for voting rights. Thus, the Court finds that the Senators are also absolutely immune from suit pursuant to section 2 of the Voting Rights Act of 1965.

### IV. Conclusion

Virgin Islands legislators, under the Speech or Debate Clause of the Revised Organic Act of 1954, as a general rule, are absolutely immune from suit, so long as they are engaged in the sphere of legitimate legislative activity. Neither 42 U.S.C. § 1983 nor section 2 of the Voting Rights Act of 1965, 42 U.S.C. § 1973(a), abrogate this legislative immunity. Because Plaintiffs have not stated a claim for which relief may be granted against the Senators of the 25th Legislature, the Court grants the Senators' motion to dismiss.

### *ORDER*

THIS MATTER comes before the Court on the Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by the Senators of the 25th Legislature, who are sued in their official capacities only. For the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that the Senators' Motion to Dismiss is **GRANTED**.