**CHARLES TURNBULL, Ph. D. Governor,**
**U.S. Virgin Islands, Plaintiff**
**v.**
**TWENTY-SIXTH LEGISLATURE OF THE VIRGIN ISLANDS,**
**Defendant**

Civil No. 394/2006

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

November 13, 2006

CAROL THOMAS-JACOBS, ESQ., TIFFANY V. ROBINSON, ESQ., Assistant Attorneys General, Department of Justice, St. Thomas, V.I., *Attorneys for Plaintiff.*

DOUGLAS A. BRADY, ESQ., Jacobs & Brady P.C., Christiansted, V.I., *Attorney for Defendant.*

KENDALL, *Judge*

## MEMORANDUM OPINION

(November 13, 2006)

THIS MATTER is before the Court on Defendant's "Motion to Dismiss Complaint" pursuant to Rule 12(b)(6) of the FED. R. CIV. P. and Plaintiff's Opposition thereto. Based upon the reasons set forth below, the Motion will be DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Section 21(a) of the Revised Organic Act of 1954, as amended ("R.O.A.")[1] provides that "the judicial power of the Virgin Islands shall

---

[1]  Title 48 U.S.C. § 1611(a). "The Revised Organic Act was intended to operate as a 'new basic' charter of Government for the Territory.'" *Brow v. Farrelly*, 994 F.2d 1027, 1032, 28 V.I. 345 (3d Cir. 1993). The Organic Act is the Virgin Islands' equivalent of a

be vested in a court of record designated as the 'District Court' of the Virgin Islands established by Congress, and in such appellate court and lower local courts as may have been or may hereafter be established by local law." Pursuant to this Congressional authority, the V.I. Legislature enacted Act No. 6687, Title 4 V.I.C. §§ 21 *et seq.*, in October 2004, which Act established the Supreme Court of the Virgin Islands as the Territory's appellate court. In establishing the Court, the Legislature provided that its regular sessions shall be held in the capital city, Charlotte Amalie, St. Thomas.

On February 22, 2005, Defendant passed Act No. 6730 (Bill No. 26-0003). Section 61 thereof amended Title 4 V.I.C. § 21(b)(2) by providing that regular sessions of the Supreme Court shall be held on the island of St. Croix. On March 5, 2005, Plaintiff vetoed Section 61 of Act No. 6730 in its entirety and Defendant subsequently overrode that veto on May 5, 2005. On November 14, 2005, Defendant passed Act No. 6816 (Bill No. 26-0083). Section 2 thereof authorized the V.I. Public Finance Authority to forthwith make available "the sum of $5.75 million dollars to construct and establish the Virgin Islands Supreme Court on the island of St. Croix." Plaintiff vetoed this legislation on December 2, 2005, whereupon Defendant overrode the veto on December 15, 2005, thus making Act 6816 law. Plaintiff subsequently filed his Complaint herein for Declaratory Judgment that the statutes in question were, *inter alia,* null and void. Thereafter, Attorney Ronald Russell, a member of Defendant Legislature and purporting to represent Defendant, filed a "Notice of Removal," requesting to remove the matter to the District Court of the Virgin Islands. Plaintiff moved to strike the Notice, which Motion was granted on the grounds that, *inter alia,* the matter was properly within the jurisdiction of this Court and Defendant did not acquiesce in the removal as required by Title 28 U.S.C. § 1441. Thereafter, Defendant moved to Dismiss the Complaint on the grounds that: (1) Plaintiff lacks standing to sue; (2) no "case or controversy" exists between the parties and (3) Defendant is immune from suit.

---

constitution. *Estate Thomas Mall Inc. v. Territorial Court of the V.I.*, 923 F.2d 258, 262 n.4 (3d Cir.), *cert. denied*, 502 U.S. 808, 112 S. Ct. 50, 116 L. Ed. 2d 28 (1991).

## II. DISCUSSION

### A. The Governor's Standing to Sue

Defendant contends that Plaintiff lacks standing to bring suit against it. This contention raises a threshold issue regarding this Court's power to hear the matter which must be resolved ab *initio.*

At the federal level, the fundamental aspect of standing is that it focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated. *Flast v. Cohen,* 392 U.S. 83, 99, 88 S. Ct. 1942, 1952, 20 L. Ed. 2d 947 (1968). Accordingly, the gist of the question of standing is whether the party seeking relief has "alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the Court so largely depends for illumination of difficult constitutional questions." *Id., citing Baker v. Carr,* 369 U.S. 186, 204, 82 S. Ct. 691, 703, 7 L. Ed. 2d 663 (1962).

■■ While it is not a federal court, standing in this Court must be determined in accordance with rules applicable to federal courts. *Dennis v. Luis,* 741 F.2d 628, 630 (3d Cir. 1984). In accordance therewith, it is settled that "no principle is more fundamental to the judiciary's proper role in our system of Government than the constitutional limitation of the Court to actual "cases or controversies." *DaimlerChrysler et al. v. Cuno,* ___ U.S. ___, 126 S. Ct. 1854, 1861, 164 L. Ed. 2d 589 (2006), citing *Raines v. Byrd,* 521 U.S. 811, 818, 117 S. Ct. 2312, 2317, 138 L. Ed. 2d 849 (1997). The "core component" of the requirement that a litigant have standing to invoke a Court's authority "is an essential and unchanging part of the 'case or controversy' requirement." *Id.* Accordingly, in order to prove his standing, Plaintiff must demonstrate: (a) an actual or threatened injury, (b) that was caused by the Defendant's action, (c) which injury is capable of judicial redress. *Id. See also Dennis v. Luis,* 741 F.2d at 630, citing *Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 472, 102 S. Ct. 752, 758, 70 L. Ed. 2d 700 (1982); *DaimlerChrysler Corp. et al. v. Cuno,* 126 S. Ct. at 1861.

### (i) Injury in Fact by Defendant

■ In the case at bar, Defendant contends that Plaintiff has not suffered any injury. Plaintiff, in his Amended Complaint, however,

alleges that his injury lies in the fact that "by passing legislation inconsistent with the [R.O.A.], [Defendant] has infringed upon [his] authority and duty to enforce [specific] provisions of the [R.O.A.]." Furthermore, "as a result of [Defendant's] action, [Plaintiff] has been injured as he is unable to perform his statutory duty as set forth in Section 11 of the [R.O.A.]." Assuming, as it must, Plaintiff's allegations are true, and drawing all reasonable inferences in his favor,[2] the conclusion is inescapable that Plaintiff has alleged a personal and legally cognizable injury peculiar to him[3] and not simply a "generalized interest of all citizens in constitutional governance ..."[4] Specifically, because the "responsib[ility] for the faithful execution of the laws of the Virgin Islands *and the Laws of the United States applicable in the Virgin Islands,*" including the R.O.A.,[5] is vested solely in Plaintiff as Governor, and because he alone is bringing this action, the allegation that the Defendant has infringed upon his responsibility and duty to enforce specific provisions of the R.O.A. is "sufficiently personal to constitute an injury in fact, thereby satisfying the minimum requirements of standing"[6] (*emphasis added*).

■ Furthermore, it is indisputable that Plaintiff is a taxpayer of the Territory. As such, it is settled that he is entitled to bring suit against Defendant. Specifically, Title 5 V.I.C. § 80 provides in pertinent part that "a taxpayer may maintain an action to restrain illegal or unauthorized acts by a Territorial officer or employee ..." Plaintiff's suit seeks declaratory relief. In *Holmes v. Government*, 370 F. Supp. 715, 10 V.I. 365, 369 (D.V.I. 1974), the District Court held that a Declaratory Judgment action could be maintained under this statute. *See also Smith v. Government of the Virgin Islands*, 4 V.I. 489, 492, 329 F.2d 131, 133 (3d Cir. 1964) (under this section, Territorial taxpayers are entitled to sue to restrain illegal or unauthorized acts by Territorial officials or employees.) Indeed, in *Government of the V.I. v. Eleventh Legislature of the V.I.*, suit

---

[2]    *Dennis v. Luis*, 741 F.2d at 630, citing *Warth v. Seldin*, 422 U.S. 490, 501, 95 S. Ct. 2197, 2206, 45 L. Ed. 2d 343 (1975). *See also Bostic v. AT & T of the Virgin Islands*, 166 F. Supp. 2d 350, 354 (D.V.I. 2001).

[3]    *Id.* at 631, citing *Riegle v. Federal Open Market Committee*, 211 U.S. App. D.C. 284, 656 F.2d 873, 878-79 (D.C. Cir.), *cert denied*, 454 U.S. 1082, 102 S. Ct. 636, 70 L. Ed. 2d 616 (1981).

[4]    *Id.*

[5]    Section 11 of the R.O.A., Title 48 U.S.C. § 1591.

[6]    *Dennis v. Luis*, 741 F.2d at 631.

was brought by then Governor Cyril E. King seeking Declaratory Judgment declaring the duties, rights and relationship of the executive and legislative branches of Government. 13 V.I. 53 (D.V.I. 1976), *aff'd*, 536 F.2d 34, 13 V.I. 335 (3d Cir. 1976). The Court held that the "Governor as a party Plaintiff ... could, at a minimum properly maintain suit in this jurisdiction as a taxpayer." *Id.* at 36. Similarly, in *Luis v. Dennis*, 576 F. Supp. 733, 20 V.I. 373 (D.V.I. 1983), suit was brought by then Governor Juan Luis against the president and members of the Fifteenth V.I. Legislature seeking Declaratory Relief. The Court proceeded to dispose of the matter on the merits, presumably after concluding that the Governor had standing to bring suit.[7]

Based on the foregoing, it is clear that Plaintiff has established that he was suffered or is threatened with injury as a result of Defendant's conduct and that he has a personal stake as a taxpayer in the outcome of the litigation.

### (ii) Redressability of Complaint

Having established his personal stake in the outcome of the suit, consideration must now be given to determining whether Plaintiff's complaint is capable of being redressed by this Court.

Both the "Complaint" and "Amended Complaint" herein are titled "Action for Declaratory Judgment." The relief sought by Plaintiff is as follows: (1) a declaration that the R.O.A. does not vest Defendant with any authority to relocate any branch of Government of the Virgin Islands from the city of Charlotte Amalie in St. Thomas; (2) a declaration that Act Nos. 6730 and 6816 violate Sections 8(a)[8] and 2(b)[9] of the R.O.A. and are thus null and void and (3) a declaration that, consistent with the R.O.A., the regular sessions of the V.I. Supreme Court shall be held in St. Thomas and the Supreme Court shall be established and constructed in the city of Charlotte Amalie, St. Thomas.

---

[7] On appeal, the judgment of the District Court was vacated on other grounds. *Luis v. Dennis*, 751 F.2d 604 (3d Cir. 1984).

[8] Section 8(a) of the R.O.A., Title 48 U.S.C. § 1574(a), provides that "the legislative authority and power of the Virgin Islands shall extend to all rightful subjects of legislation not inconsistent with this Act or the laws of the United States made applicable to the Virgin Islands ...".

[9] Section 2(b) of the R.O.A., Title 48 U.S.C. § 1541(b), provides that "the capital and seat of government of the Virgin Islands shall be located at the city of Charlotte Amalie, in the island of Saint Thomas."

■ Title 5 V.I.C. §§ 1261 *et seq.*, provides for "Declaratory Judgments" and, pursuant thereto, this Court is empowered to "declare rights, status and other legal relations whether or not further relief is or could be claimed ... the declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree." Given that the action is one for "Declaratory Judgment" and the concomitant statutory authority vested in this Court to grant such relief, it is clear that Plaintiff's complaint is capable of being redressed by this Court.

### (a) Case or Controversy/Justiciability

Even though the complaint is capable of being redressed, however, this Court "is empowered to grant declaratory relief only if an 'actual controversy' exists between the parties." *Companion Assurance Co. v. Alliance Assurance Co.*, 585 F. Supp. 1382, 1384, 21 V.I. 34, (D.V.I. 1984).

■ In determining whether an actual or justiciable controversy exists for which the Court can grant declaratory relief, the Court must decide whether the facts alleged, under all the circumstances, show that there is a substantial controversy between the parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment. *Id.*, citing *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510, 512, 85 L. Ed. 826 (1941).

■ There can be no doubt that a substantial controversy exists between the parties. Nor can there by any doubt that the controversy presents adverse legal interests of sufficient immediacy and reality. Simply put, the controversy centers around Defendant's insistence in legislating that the Supreme Court of the Virgin Islands shall be constructed and hold regular sessions on the Island of St. Croix. As the individual charged with executing that law, Plaintiff complains that he cannot perform his duty without violating his obligation, pursuant to Section 11 of the R.O.A., to faithfully execute not only the law in question but also "the laws of the United States applicable to the Virgin Islands," *i.e.*, the R.O.A. itself.[10] Defendant's insistence on constructing

---

[10] Article IV, Section 3 of the U.S. Constitution empowers Congress to establish all needful rules and regulations concerning the Territory. Congress exercised this power by enacting the Revised Organic Act of the Virgin Islands, Title 48 U.S.C. §§ 1541 *et seq.* (1954).

the Supreme Court on St. Croix and Plaintiff's insistence that doing so is contrary to Sections 2(b) and 8(a) of the R.O.A. thus presents a substantial controversy between the parties.

Additionally, on October 27, 2006, Plaintiff's three (3) nominees to serve as Justices of the Supreme Court were confirmed by Defendant Legislature and commencement of that Court's operations is imminent. Unless a timely determination is made regarding the Court's location and the holding of its regular sessions, the orderly administration of justice will be placed in serious jeopardy and the intent of Congress to grant greater judicial autonomy to the Territory will be further compromised.[11] The controversy between the parties is therefore one of sufficient immediacy and reality to warrant issuance of a Declaratory Judgment either in the "affirmative or negative."

However, Defendant contends that the Complaint is not justiciable because, "under the separation of powers doctrine, this Court may not interfere with the internal operations of the Legislature, a co-equal branch" of the V.I. Government.[12] The Court disagrees.

### (b) Separation of Powers

It is indisputable that the doctrine of Separation of Powers is applicable in the Territory. *Smith v. Magras,* 124 F.3d 457, 465, 37 V.I. 464 (3d Cir. 1997); *Government of the V.I. v. Eleventh Legislature of the V.I.,* 13 V.I. at 83; *Municipality of St. Thomas & St. John v. Gordon,* 78 F. Supp. 440, 444, 2 V.I. 107, (D.V.I. 1948). In *Smith* v. *Magras,* the Court stated that the R.O.A. divides the Government into three separate departments *i.e.,* legislative, executive and judicial. *Id.* at 465. This "division of governmental power among the three branches of Government, each of which is separate from the others and all of which are co-ordinate, is one of the fundamental principles of the American constitutional system." *Luis v. Dennis,* 576 F. Supp. at 735.

---

[11] Although Congress substantially amended the R.O.A. in 1984 to authorize the establishment of the Supreme Court, for various and sundry reasons, it has taken approximately twenty-two (22) years for the Court to be established. Such an inordinate delay cannot be deemed to be consistent with Congress' intent to grant greater judicial autonomy to the Territory.

[12] "Memorandum in Support of Defendant's Motion to Dismiss," pg 9.

In *Massachusetts v. Mellon*, 262 U.S. 447, 448, 43 S. Ct. 597, 601, 67 L. Ed. 1078 (1972), the Supreme Court noted that under this system, governmental functions are allocated as follows:

> To the legislative department has been committed the duty of making laws; to the executive the duty of executing them; and to the judiciary, the duty of interpreting and applying them in cases properly brought before the Courts. The general rule is that neither department may invade the province of the other, and neither may control, direct or restrain the action of the other.

The doctrine was established not to promote efficiency in government but to preclude the exercise of arbitrary power. Thus, its purpose is not to avoid friction but to save the people from autocracy. *Myers v. U.S.*, 272 U.S. 52, 293, 47 S. Ct. 21, 85, 71 L. Ed. 1078 (1926).

When viewed in light of the respective functions of the branches, it is clear that, contrary to Defendant's contention, no violation of the doctrine is presented.

Specifically, it is indisputable that the Legislature has the power to enact laws for the Territory pursuant to Section 8(a) of the R.O.A. Pursuant to this authority and Section 21(a) of the R.O.A., the Defendant enacted Act Nos. 6730 and 6816 over Plaintiff's veto. The power to legislate, however, does not include the right to usurp the judiciary's function as the ultimate interpreter of the constitution. *Baker v. Carr*, 369 U.S. at 211. Indeed, it is the Court's duty to invalidate legislative action that is repugnant to the constitution, and this Court has no intention of abdicating its responsibility to ensure that Government functions within the bounds of constitutional prescription under the guise of deference to a co-equal branch of government. *Pennsylvania AFL-CIO by George v. Commonwealth*, 691 A. 2d 1023, 1033, (Pa. Commw. Ct. 1997).

■ Here, Plaintiff contends that the Legislative enactments in question violate the R.O.A., the Territory's constitution, and are therefore unconstitutional. Defendant admits that "claims that a law is 'unconstitutional' or violative of the Revised Organic Act are clearly within the realm of the Courts to determine."[13] Defendant contends, however, that since "the establishment of local law is entrusted to the Legislative branch" and since "the Legislature has established by local law the

---

[13] "Memorandum in support of Defendant's Motion to Dismiss," pg. 10.

creation and location of the Supreme Court, ... there is a 'textually demonstrable constitutional commitment' of the issue before the Court to the Legislature, [thus] this Court's determination of the issue would impermissibly invade the province of another branch of government."[14] The Court disagrees.

While the power to legislate is textually committed to the Legislature, that power, like the power of the other two (2) co-equal branches of Government, is not absolute. Here, Plaintiff alleges that Defendant's power has been limited by Sections 8(a) and 11 of the R.O.A. Whether Plaintiff's allegation is true can only be determined by deciding the constitutionality of the legislative enactments at issue herein, *i.e.* whether they are within the limits set by the R.O.A. As noted heretofore, even Defendant admits that such a determination is "within the realm of the Courts." Accordingly, no credence can be accorded Defendant's contention that by deciding the issue, this Court would be "impermissibly invading the province of another branch of government" or evincing a "lack of respect due coordinate branches of government."[15]

Based upon the foregoing, Plaintiff has demonstrated that by enacting Act Nos. 6730 and 6816 Defendant has actually injured him or has threatened to injure him and that such injury is capable of being redressed by this Court. Accordingly, he has established his standing to bring suit against Defendant.

## B. The Legislature as Defendant

In further support of its Motion, Defendant contends that Plaintiff has sued the wrong Defendant. According to Defendant, "no case law has been discovered in any jurisdiction where a Legislature has been successfully sued as a party Defendant in an action seeking to overturn a law passed in accordance with law." While the statement posited by Defendant cannot seriously be questioned, it does not accurately reflect the facts in this case. Specifically, Plaintiff is not "seeking to overturn a law passed in accordance with law," but, rather, challenges the constitutionality of laws passed by Defendant. Numerous cases have been adjudicated both here in the Territory and elsewhere involving such challenges to Legislatures or Presidents thereof for enacting allegedly

---

[14] *Id.* at pg 11.
[15] *Id.*

unconstitutional laws or otherwise acting unlawfully. *See, e.g., Luis v. Dennis, supra.*, (declaratory judgment that Act No. 4836 unconstitutional was issued against the Territory's Fifteenth Legislature); *Government of the V.I. v. Eleventh Legislature of the V.I., supra*, (holding that the Legislature violated the Revised Organic Act by overriding the Governor's line-item veto); *See* also *Pataki v. New York State Assembly*, 7 A.D.3d 74, 76, 774 N.Y.S.2d 891 (2004) (declaring that the Court is "always available to resolve the scope of authority which is granted by the constitution to the other two branches of Government"), (*quoting New York Bankers Ass'n v. Wetzler*, 81 N.Y.2d 98, 102, 612 N.E.2d 294, 595 N.Y.S.2d 936 (1993)); *Guinn v. Legislature of Nevada*, 119 Nev. 460, 76 P.3d 22 (2003) (dismissing the Legislature's motion for rehearing on the issuance of a writ of mandamus against it on a petition brought by the Governor pursuant to his "duty to faithfully execute" the laws of Nevada); *Hughes v. Speaker of the New Hampshire House of Representatives*, 152 N.H. 276, 876 A.2d 736 (2005) (holding that the Court has a "duty" to consider whether the legislature violated an individual member's constitutional right to public access); *Baines v. New Hampshire Senate President*, 152 N.H. 124, 132, 876 A.2d 768 (2005) (holding that where the question presented is a violation of a constitutional provision, consideration of the claim is "mandated") (*quoting Consumer Party of Pennsylvania v. Comm.*, 510 Pa. 158, 180, 507 A.2d 323, 334 (1986); *Williams v. State Legislature of Idaho*, 111 Idaho 156, 161, 722 P.2d 465, 470 (1986) (declaratory relief was issued against the legislature to prevent its unconstitutional interference with the state auditor's performance of constitutionally mandated functions).

██ In light of the foregoing and inasmuch as Plaintiff is alleging that Defendant has acted unconstitutionally in enacting the statutes which are the subject of this suit, Defendant, contrary to its contention, is the proper party.

## C. Legislative Immunity

Defendant also contends that it is absolutely immune from suit by virtue of the "Speech or Debate Clause," Article 1 § 6 of the U.S. Constitution. Once again, the Court must disagree with Defendant.

The Speech or Debate Clause essentially immunizes members of both Houses of Congress from actions taken in the regular course of the legislative process. Section 6(d) of the R.O.A., Title 48 U.S.C. § 1572(d),

represents the Territory's version of the "Speech or Debate" Clause and provides, in pertinent part, that "no member of the Legislature shall be held to answer before any tribunal other than the Legislature for any speech or debate in the Legislature ..."

In *Government of the Virgin Islands v. Lee*, 775 F.2d 514, 520 (3d Cir. 1985), the Court noted that the policies underlying both provisions are the same *i.e.* "both were designed to protect the integrity of the legislative process by insuring the independence of individual legislators." The Court further noted, however, that "legislative immunity protects 'only acts generally done in the course of the process of *enacting legislation.*'" *Id.*, quoting *United States v. Brewster*, 408 U.S. 501, 514, 92 S. Ct. 2531, 2538, 33 L. Ed. 2d 507 (1972).

Defendant contends that "so long as it is engaged in the sphere of legitimate legislative activity, *i.e.* meeting to pass Act Nos. 6730 and 6816 and again meeting to override Plaintiff's vetos of both Acts, it was "by definition involved in legislative activity" and as such it is absolutely immune from suit.[16]

Contrary to Defendant's contention, Plaintiff is not seeking to inquire into the motives or purposes of Defendant in enacting the laws in question or overriding his vetos. Nor is Plaintiff challenging the process by which those laws were enacted or any acts undertaken by its members in connection therewith. Rather, as noted heretofore, Plaintiff seeks to challenge the constitutionality of the end result of that process, *i.e.* the legislative enactments in question. It is axiomatic that such a challenge is constitutionally permissible and cannot reasonably be deemed to be violative of any immunity bestowed upon Defendant by Section 6(d) of the R.O.A. Indeed, the privilege of legislative immunity applies to the Legislators individually and not the Legislature *qua* Legislature. The purpose of such immunity is to protect the integrity of the legislative process by insuring the independence of individual Legislators. *Brewster*, 408 U.S. at 507. *See also Govt of the V.I. v. Lee*, 775 F.2d at 520.

Defendant's reliance on *Hispanos Unidos v. Government of the Virgin Islands*, 314 F. Supp. 2d 501, 45 V.I. 619 (D.V.I. 2004) in support of its contention that it is entitled to absolute immunity is misplaced. In that case, suit was brought against, *inter alia,* the 25th V.I. Legislature and individual Senators in their official capacities, alleging that the Senators

---

[16]    Memorandum in support of Defendant's Motion to Dismiss, pg 7.

violated Section 1983 of the Voting Rights Act. The Senators moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules Civil Procedure. In granting the Motion, the Court noted that "so long as the Virgin Islands *Legislators* are engaged in the sphere of legitimate legislative activity, they are absolutely immune from suit." (emphasis added) *Id.* at 504-505. A similar Motion to Dismiss was filed by the 25th Legislature. By separate Order dated April 19, 2004, the Court denied the Legislature's Motion, noting that:

> *The Speech or Debate Clause of the Revised Organic Act of 1954 does not, by its literal terms, provide any relief to the Legislature itself but only to the Legislators.* Thus, the Court does not find that Congress intended to provide legislative immunity to the Legislature when it enacted the Speech or Debate Clause. The Legislature has identified no other source from which it may derive legislative immunity. (*emphasis added*).

Based upon the foregoing, no credence can be accorded Defendant's contention and thus the Court will reject it.

## CONCLUSION

Not only does Plaintiff have standing to sue Defendant, but his complaint presents a clear "case or controversy" which is ripe for judicial review by this Court and which is redressable pursuant to Title 5 V.I.C. § 1261. Moreover, Plaintiff's grievances can be redressed without doing violence to either the doctrine of Separation of Powers or the privilege of Legislative Immunity, neither of which, in any event, is implicated herein.

For all of the foregoing reasons, the Motion to Dismiss will be Denied. An appropriate Order is attached.