# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**349**
**CA 16-01168**
PRESENT: WHALEN, P.J., SMITH, CARNI, LINDLEY, AND NEMOYER, JJ.

---

TOWN OF AURORA, A MUNICIPAL CORPORATION,
PLAINTIFF-APPELLANT,

                V                              MEMORANDUM AND ORDER

VILLAGE OF EAST AURORA, A MUNICIPAL CORPORATION,
DEFENDANT-RESPONDENT.

---

BENNETT, DIFILIPPO & KURTZHALTS, LLP, HOLLAND (RONALD P. BENNETT OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

BARTLO, HETTLER, WEISS & TRIPI, KENMORE (PAUL D. WEISS OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Erie County (John A. Michalek, J.), entered October 20, 2015. The
judgment denied the motion of plaintiff for summary judgment,
dismissed the complaint, and declared that plaintiff is responsible
for the expenses of repairing the Brooklea Drive bridge in the Village
of East Aurora and any other bridge in the Village of East Aurora of
which defendant has not assumed control, care and maintenance.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs, the complaint is
reinstated, the motion is granted, the cross motion is denied, and
judgment is granted in favor of plaintiff as follows:

> It is ADJUDGED AND DECLARED that the Village of East
> Aurora is responsible for the supervision, control, care,
> and maintenance of the Brooklea Drive bridge located within
> its boundaries.

Memorandum: In May 2010, the New York State Department of
Transportation identified the Brooklea Drive bridge in the Village of
East Aurora as in need of repair. Plaintiff, Town of Aurora (Town),
commenced this action seeking a declaration that defendant, Village of
East Aurora (Village), is responsible for the costs of repair of the
Brooklea Drive bridge, and the Village asserted a counterclaim seeking
a declaration that the Town is responsible for such costs. The Town
moved for summary judgment on its complaint. The Village cross-moved
for summary judgment on its counterclaim but further asserted that the
Town is responsible for the care of bridges within the Village in
addition to the Brooklea Drive bridge. Supreme Court denied the
motion, dismissed the complaint, granted the cross motion, and

declared that the Town is responsible for the costs of repairing the Brooklea Drive bridge.  In response to the Village's assertion with respect to additional bridges, the court further declared that the Town "is responsible for the expenses of repairing any other bridge located within the boundaries of the Village . . . with respect to which the Village . . . has not assumed control, care and maintenance under Section 6-606 of the Village Law."

We conclude that the Town is entitled to judgment, and we therefore reverse.  As a preliminary matter, we note that, although the court declared the rights of the parties, it erred in dismissing the complaint (cf. Pless v Town of Royalton, 185 AD2d 659, 660, affd 81 NY2d 104; see generally Maurizzio v Lumbermens Mut. Cas. Co., 73 NY2d 951, 954).

It is undisputed that the Village planned, financed, and constructed the Brooklea Drive bridge more than 40 years ago and did not advise the Town of the Town's alleged maintenance and repair responsibility until 2010.  The record establishes that the Village has exclusive supervision and control over the bridge, and indeed, was the only entity ever to exercise such supervision and control (see Village Law § 6-604).  The record also establishes that there was no contract between the Village and the Town, nor any negotiation about the Brooklea Drive bridge, nor any board resolution, made pursuant to Village Law § 6-608 by which the Town assumed maintenance and repair responsibility.  We therefore conclude that responsibility for the Brooklea Drive bridge properly rests with the Village.

Contrary to the assertion of the Village and the conclusion of the court, it was not necessary for the Village to pass a resolution pursuant to Village Law § 6-606 in order to assume the control, care, and maintenance of the bridge.  Village Law § 6-604 provides in part that, "[i]f the board of trustees of a village has the supervision and control of a bridge therein, it shall continue to exercise such control under this chapter."  Although Village Law § 6-606 provides that a village "may" obtain control of a bridge by a resolution of its board, it does not provide that a village "may only" obtain control by that method (see § 6-606).  "[W]here a statute describes the particular situations in which it is to apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted and excluded" (Village of Webster v Town of Webster, 270 AD2d 910, 912, lv dismissed in part and denied in part 95 NY2d 901; see Golden v Koch, 49 NY2d 690, 694; see also McKinney's Cons Laws of NY, Book 1, Statutes § 240; Matter of 1605 Book Ctr. v Tax Appeals Tribunal, 83 NY2d 240, 245-246, cert denied 513 US 811).  We therefore reject the Village's statutory interpretation, i.e., that a village could unilaterally construct and maintain a bridge only to later disclaim responsibility when repair costs arose.  Such an interpretation invites objectionable, unreasonable, or absurd results (see Matter of Monroe County Pub. Sch. Dists. v Zyra, 51 AD3d 125, 130).

The court further erred in declaring the rights of the parties with respect to bridges besides the Brooklea Drive bridge.  Any issues

concerning those other bridges were not properly before the court, because they were not raised in the pleadings (*see generally Richardson v Bryant*, 66 AD3d 1411, 1412).  The declaration with respect to those other bridges therefore constitutes an improper advisory opinion (*see Becker-Manning, Inc. v Common Council of City of Utica*, 114 AD3d 1143, 1143).

In light of our resolution above, we see no need to address the Town's remaining contentions.