**Juan LUIS, Governor of the Virgin Islands, Appellee,**

v.

**Hugo DENNIS, et al., Certain Members of the Fifteenth Legislature of the Virgin Islands, Appellants.**

No. 83–3620.

United States Court of Appeals, Third Circuit.

Argued Sept. 11, 1984.

Decided Dec. 18, 1984.

As Corrected Dec. 28, 1984.

by designation.

Rhys S. Hodge (argued), Eric Dawson, Charlotte Amalie, St. Thomas, V.I., for appellant.

J'Ada M. Finch-Sheen, Atty. Gen., Richard R. Knoepfel, Laurence Ramer, Edward A. Wascoe (argued), Asst. Attys. Gen., Dept. of Law, Charlotte Amalie, St. Thomas, V.I., for appellee.

Before SEITZ, BECKER, and ROSENN, Circuit Judges.

**OPINION OF THE COURT**

SEITZ, Circuit Judge.

The Fifteenth Legislature of the Virgin Islands (the "Fifteenth Legislature") appeals from an order of the district court, 576 F.Supp. 733, declaring an act of the Fifteenth Legislature invalid as in violation of the Separation of Powers doctrine. This court has appellate jurisdiction under 28 U.S.C. § 1291.

I.

The Revised Organic Act of 1954 provides for the appointment of executive officers by the governor with the advice and consent of the legislature. 48 U.S.C. § 1597(c) (1982). Neither the statutory language nor the legislative history of the Revised Organic Act outlines a specific method for exercising the power of advice and consent. However, since 1936 it had been the practice of the legislature to confirm an executive nomination if a majority of a quorum[1] of legislators voted to approve the nominee.

On May 9, 1983, the Fifteenth Legislature considered and passed a measure which modified the legislative practice for providing its advice and consent. The measure, which is applicable to the nominations of department and bureau chiefs, requires that a majority of the full membership of the legislature approve the executive appointment. The Governor of the Virgin Islands, Juan Luis (the "Governor"), vetoed the bill, but the Fifteenth Legislature overrode the veto by a two-thirds vote. The legislation was enacted as Act No. 4836 (the "Act") and was to become effective on October 1, 1983. In pertinent part the Act provides:

§ 65c. Advice & Consent of the Legislature

Notwithstanding any other provision of law to the contrary, whenever the provision of any law provides that the head of an executive department of the Government of the Virgin Islands or the head of any administrative unit or bureau within an executive department of the Government of the Virgin Islands shall be appointed or nominated by the Governor with the advice and consent or approval of the Legislature of the Virgin Islands, such advice and consent or approval shall not be considered as having been given until a majority of all the members of the Legislature have voted in the affirmative on such appointment or nomination.

V.I. CODE ANN. tit. 3, § 65c (Supp.1984).

The Act effectively increases the minimum number of affirmative votes necessary to approve certain executive appointments. Since the legislature of the Virgin Islands is a 15-member unicameral body, a minimum of eight legislators must vote to approve a nomination under the Act.[2]

Prior to the Act's effective date, the Governor brought suit in the district court, seeking a declaratory judgment that the Act was invalid. At trial, the Fifteenth Legislature moved to dismiss the action, arguing that a ripe case or controversy had not been presented. The district court denied the motion to dismiss, stating that the

---

1. The Revised Organic Act of 1954 provides that "[t]he quorum of the legislature shall consist of eight of its members." 48 U.S.C. § 1575(a) (1982). Although this provision appears in a section of the statute which refers to the enactment of "bills", we assume without deciding that the quorum language applies as well to the legislative consideration of executive appointments.

2. As counsel for the Fifteenth Legislature observed at oral argument, the legislature's prior practice allowed for the confirmation of executive appointees by as few as three legislators. Assuming that a mere quorum, i.e., eight members, were present, if three abstained and two voted in the negative, a nomination could be approved with only three affirmative votes.

passage of the Act itself was sufficient to raise a case or controversy, irrespective of the existence of a particular nominee who would be subject to the Act. The court thereafter declared the Act void, holding that it impermissibly infringed upon the executive power of appointment.

## II.

The Governor's complaint alleged subject matter jurisdiction based on both the federal Declaratory Judgments Act and the Uniform Declaratory Judgments Act as adopted by the Virgin Islands. 28 U.S.C. § 2201 (1982); V.I. CODE ANN. tit. 5, §§ 1261–1272 (1967). A potential problem arises because these statutes are procedural in nature and do not themselves confer jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); *Richardson v. Virgin Islands Housing Authority*, 18 V.I. 351 (D.V.I.1981). However, we find the complaint sufficient on its face to sustain subject matter jurisdiction based on the general federal question statute that is applicable to the District Court of the Virgin Islands, 48 U.S.C. § 1612 (1982).

The Governor's claim is essentially that the challenged Act encroaches upon his powers of appointment, as conferred by the Revised Organic Act of 1954, 48 U.S.C. § 1597(c) (1982). Thus, his claim properly "arises under" federal law. The Governor's failure to assert § 1612 as a basis for jurisdiction in his complaint is not fatal, since the facts as alleged are sufficient to support such jurisdiction. *See Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 70 n. 14, 98 S.Ct. 2620, 2629 n. 14, 57 L.Ed.2d 595 (1978).

In cases arising under federal law, the jurisdiction of the District Court of the Virgin Islands is coextensive with the jurisdiction of a district court of the United States. 48 U.S.C. § 1612. For this reason, the case or controversy requirement imposed by Article III applies with equal force in federal question cases adjudicated by the District Court of the Virgin Islands.[3] Thus, we must next consider, as a threshold matter, whether an actual case or controversy is presented in this case.

The test for determining whether a declaratory judgment action presents an actual case or controversy was first articulated by the Supreme Court in *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 240–41, 57 S.Ct. 461, 81 L.Ed. 617 (1937):

The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

[Citations omitted]. "Plaintiffs in the federal courts 'must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction.'" *O'Shea v. Littleton*, 414 U.S. 488, 493, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617, 93 S.Ct. 1146, 1148, 35 L.Ed.2d 536 (1973)).

Applying the standards set forth by the Supreme Court, we must conclude that there existed no actual case or controversy sufficient to permit adjudication by the dis-

---

**3.** Section 1612 provides in part:

The District Court of the Virgin Islands shall have the *jurisdiction of a district court of the United States* in *all* causes arising under the Constitution, treaties and laws of the United States, regardless of the sum or value of the matter in controversy. It shall have general original jurisdiction in all *other* causes in the Virgin Islands, exclusive jurisdiction over which is not conferred by this chapter upon the inferior courts of the Virgin Islands.

48 U.S.C. § 1612 (1982) (emphasis added).

The District Court of the Virgin Islands also functions as a state court of general jurisdiction. *See Carty v. Beech Aircraft Corp.*, 679 F.2d 1051 (3d Cir.1982). Since the general original jurisdiction of the district court extends to "all *other* causes", a case which arises under federal law cannot be brought pursuant to the general original jurisdiction of the district court. We express no view as to whether the jurisdictional requirements of Article III would apply in a case brought under the general jurisdiction of the District Court of the Virgin Islands.

trict court. Clearly, the Governor had suffered no actual injury. When the suit was initiated in the district court, the challenged Act had not yet taken effect. The record does not indicate that there were any nominations then pending before the Fifteenth Legislature, nor is there any indication that the Governor was contemplating the selection of an executive appointee.

At best, the Governor's complaint alleges a potential injury deriving from the increase in "the required number of affirmative votes [necessary] to obtain confirmation of a gubernatorial nomination." Complaint, App. at 52. Such threatened or potential injury may be sufficient to create an actual case or controversy if the threat of injury is "real and immediate." *O'Shea v. Littleton, supra,* 414 U.S. at 494, 94 S.Ct. at 675.

Viewing the matter, as we must, at the time the complaint was filed, we believe that the requisite immediacy and reality are lacking in this case. Several factors operate to negate the threat of immediate harm. Obviously, any potential for injury is contingent upon the Governor's nominating an appointee during the remainder of his term. If that nominee is confirmed by more than eight votes, no injury will have occurred. Moreover, if all fifteen members of the legislature are voting on the nomination, eight affirmative votes would be required under either the old or new appointment procedure. Hence, in this instance, no injury will occur even if the nominee receives less than eight votes.

Even if it were appropriate to look to events occurring subsequent to the filing of the complaint, such a review would merely serve to reinforce our conclusion that the harm asserted by the Governor is not of immediate consequence. For example, both parties suggest that an injury would occur where a nominee received affirmative votes from less than eight but more than a majority of the quorum of legislators. For such a situation to arise,

at least one member of the legislature would have to be absent during the vote on the appointment. Yet while the action of the district court has prevented the Act from taking effect, the record before us does not reveal a single instance, since the scheduled effective date of the Act, where a nominee has been approved who would not have also been approved under the Act.[4] *See* Supp.App. at 62, 66, 70–72. Indeed, reviewing the roll call votes on past nominations from the Fourteenth and Fifteenth Legislatures, we must conclude that it is a rare occasion when a nominee receives less than ten votes. *See* Supp.App. at 62–88. Thus, it could conceivably be years before the threatened harm ripens into an actual injury.

The Governor argues that an actual case or controversy arose at that moment when the challenged legislation was enacted into law over the Governor's veto. He contends that his contemplation of potential nominees will be adversely affected by the Act and that such infringement upon his appointment powers creates a real and present injury. We find this alleged harm too speculative to permit adjudication by a federal court. The Governor has made no attempt to particularize the elements of his asserted injury. Yet it is difficult for us to see how his appointment powers are in any way chilled by the requirements of the Act. We are powerless to sustain jurisdiction on the basis of mere conjecture. "Determination of the scope and constitutionality of legislation in advance of its immediate adverse effect in the context of a concrete case involves too remote and abstract an injury for the proper exercise of the judicial function." *International Longshoremen's Union v. Boyd,* 347 U.S. 222, 224, 74 S.Ct. 447, 448, 98 L.Ed. 650 (1954).

We conclude on this record that the alleged injury is not of sufficient immediacy and reality to permit adjudication by a federal court. For this reason, the district court erred as a matter of law in failing to

---

4. At oral argument, counsel for the Governor suggested that there have been at least two appointments in the past year which would have been rejected had the challenged Act been in effect. However, the record before this court is devoid of any mention of these appointments.

dismiss the case for want of a case or controversy.[5] *O'Shea v. Littleton, supra.* Accordingly, we express no view as to whether the Act violates the Separation of Powers doctrine. Nothing in *Interdynamics, Inc. v. Wolf,* 698 F.2d 157 (3d Cir.1982) (applying an abuse of discretion standard to review district court's grant of declaratory relief), is inconsistent with the decision we reach in this case.

### III.

The order of the district court declaring Act No. 4836 of the Fifteenth Legislature of the Virgin Islands void will be vacated with a direction to enter a new order dismissing the Governor's complaint.

**5.** Because we dismiss for want of a case or controversy, we need not decide whether the Fifteenth Legislature is a suable entity.