IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
January 24, 2024 10:15 AM
ST-2023-CV-00105
**TAMARA CHARLES**
**CLERK OF THE COURT**

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| JEFFREY JOHN MAGRAS,<br>　　　　Plaintiff,<br><br>vs.<br><br>HON. ALBERT BRYAN JR., GOVERNOR OF THE VIRGIN ISLANDS; ARIEL SMITH, ATTORNEY GENERAL OF THE VIRGIN ISLANDS; and RAY MARTINEZ, VIRGIN ISLANDS POLICE COMMISSIONER<br>　　　　Defendants. | Case No. ST-2023-CV-00105<br><br>ACTION FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, and DAMAGES |

### Cite as 2024 VI Super 5

### MEMORANDUM OPINION

¶1　**THIS MATTER** is before the court on Defendants' Motion to Dismiss, filed on May 5, 2023, pursuant to Virgin Islands Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion"). Plaintiff Jeffrey John Magras ("Magras") opposed the Motion on May 25, 2023 ("Opposition"); and Defendants replied to the Opposition on June 5, 2023. Magras' complaint challenges a Governor's Warrant issued by the Governor of the Virgin Islands to extradite Magras from the state of Florida. For the reasons stated herewith, the Motion will be granted, and the case will be dismissed.

### BACKGROUND

¶2　The instant matter arises from a complaint filed by Magras on March 30, 2023 ("Complaint"), against Defendants Albert Bryan Jr., Governor of the Virgin Islands ("Bryan"); Ariel Smith, Attorney General of the Virgin Islands ("Smith"); and Ray Martinez, Commissioner of the Virgin Islands Police Department ("Martinez").

*Magras v. Bryan, et al*
Case No. ST-2023-CV-00105
Memorandum Opinion on Motion to Dismiss
Page 2 of 14

Cite as 2024 VI Super 5

¶3      The Complaint avers that Magras, a resident of Florida, traveled to St. Thomas, Virgin Islands around 2018 and 2019 to do contract work on private residences and that more than one dispute arose from that work. The subject Complaint alleges that Magras has not returned to St. Thomas since leaving on December 21, 2019. Magras, according to the Complaint, underwent surgery around February 2020, has been in frail health since, and was advised by his doctors not to travel.

¶4      The Complaint alleges Magras was detained, on January 29, 2023, while Florida law enforcement was conducting a traffic stop in St. Augustine, Florida. Magras was subsequently arrested when a check of his records "'revealed a "hold" from the USVI, with instructions to detain Mr. Magras.'"[1] The Complaint states that a fugitive of justice case was commenced on January 30, 2023, against Magras in Florida ("Florida case").[2] The Complaint further alleges that a Governor's Warrant, dated February 9, 2023 ("*2023* warrant"),[3] was signed by the acting Governor of the Virgin Islands, Bosede Bruce,[4] on behalf of Bryan. Magras asserts that, in the Florida case, a warrant and miscellaneous extradition documentation were filed on March 22, 2023.

¶5      The Complaint challenges the *2023* warrant and sues for relief on four counts. Count I seeks a declaratory judgment that Magras is not a fugitive; Count II seeks a declaratory judgment that the *2023* warrant is fatally defective and thus void; Count III requests the court to enjoin the

---

[1] Pl.'s Compl. ¶21 (internal quotations in original).

[2] The case, initiated in the Seventh Judicial Circuit in and for St. Johns County, Florida, was filed as *State of Florida v. Jeffrey John Magras*, Case No. 23000004FJMA.

[3] In relevant part, the *2023* warrant states that:

> JEFFREY JOHN MAGRAS stands charged in this Territory of the crimes of Two (2) Counts of Obtaining Money by False Pretense, in violation of 14 VIC § 834 (2); and Two (2) Counts of Grand Larceny, in violation of 14 VIC § 1083(a)(1), which I certify to be crimes under the laws of this Territory, and that the accused thereafter fled from justice of this Territory and may be found in the State of Florida.

[4] At all times material hereto, Bosede Bruce served as the Commissioner of the Virgin Islands Department of Finance. On the date of the issuance of the Governor's Warrant, Bruce was the acting Governor of the Virgin Islands.

*Magras v. Bryan, et al*
Case No. ST-2023-CV-00105
Memorandum Opinion on Motion to Dismiss
Page 3 of 14

Cite as 2024 VI Super 5

pursuit of extradition and recall the *2023* warrant for being invalid; and Count IV is a claim for damages for aiding and abetting a false arrest, filed pursuant to V.I. CODE ANN. tit. 33, §§ 3401-17, the Virgin Islands Tort Claims Act ("VITCA").

## DISCUSSION

¶6  Defendants move to dismiss the Complaint for lack of subject matter jurisdiction, pursuant to V.I. R. Civ. P. 12(b)(1), and for failure to state a claim upon which relief could be granted, pursuant to V.I. R. Civ. P. 12(b)(6). Defendants argue that all counts pled in the Complaint fail to state claims for which relief may be granted, the court does not have subject matter jurisdiction over Count IV, and Defendants possess absolute immunity for their official acts.[5]

### *Legal Standard*

## Rule 12(b)(1)

¶7  Under Rule 12, a party may challenge the court's subject matter jurisdiction and, thereby, request dismissal of an action. V.I. R. Civ. P. 12(b)(1). Subject matter jurisdiction consists of the court's ability to hear a plaintiff's claims, and a complaint may be dismissed if the court determines at any time that it does not have authority over the action. *Jagrup v. Bd. of Nurse Licensure*, 2021 VI Super 29, ¶6; *Racz v. Cheetham*, 2019 VI Super 99U, ¶8; *Hansen*, 2018 WL 4279447, at *3.

¶8  Challenges to the court's subject matter jurisdiction may be facially or factually invoked: a facial challenge questions the court's subject matter jurisdiction based on the allegations on the face of the complaint; a factual one scrutinizes the existence of jurisdictional facts sufficient to

---

[5] The court will not reach nor address the question of absolute immunity because the Complaint is being dismissed on other grounds.

*Magras v. Bryan, et al*
Case No. ST-2023-CV-00105
Memorandum Opinion on Motion to Dismiss
Page 4 of 14

Cite as 2024 VI Super 5

confer the court with subject matter jurisdiction. *Jagrup*, ¶7; *Racz*, ¶¶8-9; *Hansen*, 2018 WL 4279447, at *3.[6]

¶9     Here, Defendants do not clarify, and Magras does not posit, under which approach the Complaint is being challenged. Nonetheless, the court finds Defendants' challenge to Count IV is factual in nature because Defendants are attacking the court's jurisdiction to hear the matter on the grounds that Magras did not satisfy the pre-filing requirements under VITCA, and Defendants included matters outside the pleadings to their Motion – namely, two affidavits the court will consider in its analysis. *See Jagrup*, ¶7 ("[I]n determining which standard applies, the Court looks at the specific challenge raised by the movant."). Because the Defendants offered two affidavits to support its argument, the court finds that the Rule 12(b)(1) analysis is a factual challenge, and the court will weigh the evidence presented to "satisfy itself as to the existence of its power to hear the case." *Jagrup*, ¶8 (quoting *V.I. Tel. Corp. v. Mills*, Super. Ct. Civ. No. ST-17-CV-279, 2018 WL 3120823, at *1 (V.I. Super. Ct. June 22, 2018) (unpublished)); *Racz*, ¶9.

## Rule 12(b)(6)

¶10     Under Rule 12, a party may assert a defense for failure to state a claim upon which relief could be granted. V.I. R. Civ. P. 12(b)(6). The Virgin Islands is a notice pleading jurisdiction; therefore, to survive a Rule 12(b)(6) defense, the complaint must adequately state a claim,

---

[6] Numerous opinions of the Superior Court have opted to follow the precedent established by *Richardson v. Knud Hansen Mem'l Hosp.*, 744 F.2d 1007, 1010 (3d Cir. 1984), since, at the time of the decision in *Richardson*, the Third Circuit Court acted as the "de facto court of last resort" of the Virgin Islands. *Jeremiah v. V.I. Dep't of Human Servs.*, 2023 VI Super 34, ¶13; *see* cases cited *infra* note 10. Richardson held that compliance with the pre-filing requirements under the VITCA are jurisdictional. *Richardson*, 744 F.2d at 1010 (finding that the Government of the Virgin Islands may not be sued without its consent, the court held the terms of VITCA are jurisdictional and "that compliance with the requirements for filing an action against the [] government may not be waived."). Here, the court will not deviate from that reasoning and consider the precedent set in *Richardson* as a proper frame of reference.

*Magras v. Bryan, et al*
Case No. ST-2023-CV-00105
Memorandum Opinion on Motion to Dismiss
Page 5 of 14

Cite as 2024 VI Super 5

maintaining that a plaintiff is entitled to relief and putting a defendant on notice of the claims brought against them. *Island Airlines, LLC v. Bohlke*, 2022 VI Super 20, ¶18; *Williams v. Galiber*, 2019 VI Super 34, ¶7; *Racz*, ¶¶10-11; V.I. R. Civ. P. 8(a)(2). As a result, the court must accept the allegations in the complaint as true and any inferences drawn from them are weighed in the light most favorable to the plaintiff. *Island Airlines, LLC*, ¶18.

*Analysis*

## The court lacks subject matter jurisdiction over Count IV.

¶11    In Count IV, Magras brings a tort claim against the Defendants, alleging their actions aided and abetted the Florida Sheriff's arrest and detention of Magras "on bogus charges." The Complaint alleges Defendants did not inform Magras of the specific basis for his arrest and detention in Florida. Moreover, Magras alleges the *2023* warrant prolonged his detention in Florida, demonstrating a furtherance of Defendants' aid and abetment of his arrest. Magras alleges Defendants' actions were within the scope of their duties and reasonable.

¶12    Defendants contend Count IV must be dismissed because the court lacks subject matter jurisdiction over it. Defendants maintain that to pursue that Count IV tort claim, Magras was required to first file with the Governor a notice of a claim or intent to file a claim, and required to serve a copy of such notice upon the Attorney General, pursuant to 33 V.I.C. §§ 2209,[7] 3410.[8]

---

[7] Defendants cite to 33 V.I.C. § 2209. But that appears to be a typographical error as Section 2209 does not exist in Title 33 of the V.I. Code. The court deduces that Defendants intended to cite Section 3409, which states that "[n]o judgment shall be granted in favor of any claimant unless" his "claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the Government of the United States Virgin Islands while acting as such officer or employee, [] be filed within ninety days after the accrual of such claim . . . ." 33 V.I.C. § 3409(c).

[8] Section 3410 provides:
   The claim or notice of intention shall be filed in the Office of the Governor and a copy shall be served upon the Attorney General and a written receipt therefor shall be issued with the date of filing indicated thereon. The claim shall state the time when and the place where such claim arose, the nature of same,

*Magras v. Bryan, et al*
Case No. ST-2023-CV-00105
Memorandum Opinion on Motion to Dismiss
Page 6 of 14

Cite as 2024 VI Super 5

Defendants argue that filing notice of a tort claim is necessary before starting an action in the court, and that Magras did not serve notice of a claim upon the Governor or send a copy to the Attorney General before filing the instant action. Defendants bolster their argument by providing affidavits of two persons who work at the Office of the Governor and the Office of the Attorney General. Those two persons attest there is no record of Magras' claim or notice of an intent to file a claim in their respective offices.

¶13    In his Opposition, Magras counters that the court should find the actual filing and service of the Complaint satisfies the pre-filing requirements of VITCA against Defendants because it substantially complies with the statute. Magras opposes Defendants' affidavits simply arguing, incorrectly, that they contain legal conclusions. Magras maintains the Complaint contained all the substantive requirements to provide notice or intent of filing a tort claim,[9] and that the argument that satisfaction of the VITCA requirements is jurisdictional is misplaced. Magras highlights *Brunn v. Dowdye*, 59 V.I. 899 (V.I. 2013), where the Supreme Court of the Virgin Islands acknowledged that it has not made a ruling on whether the provisions of the VITCA are jurisdictional. *Brunn*, 59 V.I. at 905 n.6. Nonetheless, the Superior Court has overwhelmingly held that compliance with the provisions of VITCA is crucial to exercise subject matter jurisdiction

---

and items of damage or injuries claimed to have been sustained and the total sum claimed. The notice of intention to file a claim shall set forth the same matters except that the items of damage or injuries and the sum claimed need not be stated. The claim and notice of intention to file a claim shall be verified. 33 V.I.C. § 3410.

[9] Magras contends that the Complaint "identifies the place, date, and time the claims arose, the government officers against whom the claims are brought, alleges the factual basis, and states the nature of the claims, and identifies the damages sought." Pl.'s Opp'n to Mot. to Dismiss 2.

*Magras v. Bryan, et al*
Case No. ST-2023-CV-00105
Memorandum Opinion on Motion to Dismiss
Page 7 of 14

Cite as 2024 VI Super 5

over a plaintiff's claims,[10] following the precedent of *Richardson v. Knud Hansen Mem'l Hosp.*, 744 F.2d 1007, 1010 (3d Cir. 1984).

¶14    Magras reasons that since the Complaint contains all the substantive requirements of the statute, Defendants would not be prejudiced by accepting the Complaint as a notice under VITCA. Magras' argument that substantial compliance with VITCA is sufficient is unfounded. Magras relies on *Pickering v. Gov't of V.I.*, 19 V.I. 271 (D.V.I. 1982), and the notion that substantial compliance of VITCA – here, in the form of Magras' service of the Complaint and Summonses – is sufficient to satisfy it. But in *Pickering*, the District Court found that a "notice of intention" may be deemed a "claim" within the definition of VITCA so long as the claimant "timely file[s] a notice of intention in accordance with §§ 3409 and 3410 and has thereafter filed a related lawsuit within the two-year general limitations period . . . ." *Pickering*, 19 V.I. at 277. This reasoning makes the instant matter distinguishable from *Pickering* because, here, Magras only filed a lawsuit in the court.

¶15    The court disagrees with Magras. Under VITCA, prior notice of a claim, or intent to file one, must be served on the Office of the Governor and a copy sent to the Office of the Attorney General, in advance of filing suit. The Supreme Court, in *Brunn*, determined that although substantial compliance of VITCA is permissible, notice to the Government is crucial to afford it

---

[10] *Herman v. V.I. Gov't Hosp. and Health Facilities Corp.*, 2022 VI Super 58, ¶11 (explaining that the court is bound by the decision in *Richardson v. Knud Hansen Mem'l Hosp.*, 744 F.2d 1007, 1010 (3d Cir. 1984), which "held that compliance with the pre-filing requirements under the VITCA are jurisdictional . . . .")); *Yuxiang Peng v. Williams*, 67 V.I. 482, 486 (V.I. Super. Ct. 2017) ("Virgin Islands courts have . . . held that failure to comply [with] the pre-filing requirements under the VITCA precludes a court from exercising subject matter jurisdiction over such claims."); *Hansen v. Governor Juan F. Luis Hosp. & Med. Ctr.*, Super. Ct. Civ. No. SX-15-CV-509, 2018 WL 4279447, at *6, 8 (V.I. Super. Ct. June 22, 2018) (unpublished) ("[T]he language of VITCA makes quite clear that proper notice of intention to file a claim must be filed in the Office of the Governor, with a copy served on the AG."); *Hartlage v. Gorum*, Super. Ct. Civ. No. SX-09-CV-232, 2018 WL 1076527, at *3 (V.I. Super. Ct. Feb. 20, 2018) (unpublished).

*Magras v. Bryan, et al*
Case No. ST-2023-CV-00105
Memorandum Opinion on Motion to Dismiss
Page 8 of 14

Cite as 2024 VI Super 5

the opportunity to determine whether claims should be settled without suit. *Brunn*, 59 V.I. at 911. Magras, however, initiated and engaged Defendants in suit without first conveying a notice of, or intent to file, a claim with the Office of the Governor or sending a copy to the Office of the Attorney General. Magras argues that because Defendants filed the Motion "without first making any overtures whatsoever toward settlement of [Magras'] claims . . ., the Government chose not to resolve the dispute, but to engage in suit."[11] However, the Defendants did not a duty to attempt to settle after Magras filed suit.

¶16    The purpose of the notice requirement under VITCA is to provide officials the opportunity "to determine if the claims should be settled without suit." *Herbert v. Dep't of Educ.*, 2021 VI Super 19, ¶14 (quoting *Brunn*, 59 V.I. at 911). Here, Defendants argue the affidavits establish that the Complaint does not satisfy the pre-filing requirements of VITCA. There is no dispute that prior to filing the instant action Magras did not provide notice to Defendants of his intent to file a claim pursuant to VITCA. Thus, Defendants were not afforded the opportunity to settle the dispute without suit. *Brunn*, 59 V.I. at 911; *see Mercer v. Gov't of V.I.*, 18 V.I. 171, 180 (V.I. Super. Ct. 1982) (finding that, where "the only document filed by plaintiff was the complaint," construing the service of a complaint on the Governor and the Attorney General as constituting satisfaction of VITCA's pre-filing requirements "strained [the court's] imagination".). The Supreme Court having determine that a claimant must provide advance notice of intent to file a claim pursuant to VITCA, the court, here, finds it lacks subject matter jurisdiction over the claim in Count IV, and, as a result, it will be dismissed.

---

[11] Pl.'s Opp'n to Mot. to Dismiss 3 n.6.

*Magras v. Bryan, et al*
Case No. ST-2023-CV-00105
Memorandum Opinion on Motion to Dismiss
Page 9 of 14

Cite as 2024 VI Super 5

### Counts I, II, and III fail to state a claim upon which relief could be granted by the court.

¶17 Defendants argue Counts I through III must be dismissed because they fail to state a claim upon which relief could be granted. In Count I, Magras seeks declaratory judgment that Magras is not fleeing justice and is not a fugitive of the Virgin Islands. In Count II, Magras seeks a declaratory judgment that the *2023* warrant is fatally defective because there were no criminal charges filed against Magras when he left the Territory in 2019. In Count III, Magras seeks to enjoin the use of the *2023* warrant for similar reasons as Counts I and II, because the *2023* warrant is allegedly invalid on its face; Magras suggests it falsely states he is the accused that stands charged.

¶18 Claims that request declaratory judgments must present an actual case or controversy that is "definite and concrete, touching the legal relations of parties having adverse legal interests." *Fenster v. DeChabert*, 65 V.I. 20, 36 (V.I. Super. Ct. 2016) (citation omitted); *Luis v. Dennis*, 751 F.2d 604, 607 (3d Cir. 1984).

### A. Count I

¶19 Magras alleges, in the Complaint, he left the Territory on December 21, 2019, and there were no criminal charges filed against him at that time; thus, he did not flee and he is not a fugitive from justice. Magras avers he had no knowledge or reason to expect that criminal charges would be filed against him. Defendants counter that Magras fails to state a justiciable controversy because the Virgin Islands Code provides for the extradition of persons against whom criminal charges are pending, and extradition is permissible even if criminal charges were not pending against Magras when he left to the Territory. Defendants argue extradition is proper where an arrest warrant was

*Magras v. Bryan, et al*
Case No. ST-2023-CV-00105
Memorandum Opinion on Motion to Dismiss
Page 10 of 14

Cite as 2024 VI Super 5

issued for a criminal defendant outside the Territory. 5 V.I.C. § 3822.[12] Defendants argue that an arrest warrant for Magras was issued on July 29, 2020, under seal, in *People of the V.I. v. Jeffrey John Magras*, Warrant No. ST-2020-WR-00020.[13]

¶20 Magras seems to argue that, because no criminal charges were filed against him by the time he left the Territory in December 2019, he was not a fugitive from justice and is entitled to a declaratory judgment that he did not flee from justice and is not a fugitive of the Virgin Islands. Nonetheless, Magras, alleging he is not a fugitive of justice simply because no charges were pending against him when he left the Territory, and he was not aware that charges were later lodged against him, does not establish the legal and factual basis for his claims under Count I.[14]

¶21 As Defendants argue, a request for declaratory judgment is not an independent claim; there must first exist a justiciable claim. *Bryan v. V.I. Water & Power Auth.*, 2023 VI Super 5, ¶26. That is, the controversy at issue must be definite and concrete, touching the legal relations of parties having adverse legal interests. *Bryan*, ¶26; *Fenster*, 65 V.I. at 43. Here, the claim is not properly presented to the court because, as discussed above, a Governor's Warrant may issue when criminal charges are pending against an accused who is not in the Territory; there is no requirement that

---

[12] Title 5 V.I.C. § 3822 provides: "**Whenever the Governor of the Virgin Islands shall demand a person charged with crime** or with escaping from confinement or breaking the terms of his bail, probation or parole in the Virgin Islands, **from the Executive Authority of any other state**, or from the chief judge or associate judge of the United States District Court for the District of Columbia authorized to receive such demand under the laws of the United States, **he shall issue a warrant under the seal of the Virgin Islands, to some agent, commanding him to receive the person so charged if delivered to him and convey him to the proper officer of the Virgin Islands.**" (emphasis added).

[13] Defendants sometimes refer to the *2020* warrant as filed under Warrant No. ST-2000-WR-00020. Defs.' Mot. to Dismiss 9 n.3; Defs.' Reply to Pl.'s Opp'n to Mot. to Dismiss 7. The court takes judicial notice that the correct warrant number is ST-2020-WR-00020 or, abbreviated, ST-20-WR-20. A copy of the arrest warrant was attached to Defendants' Reply. However, Defendants' Motion acknowledges that as of the date of the filing of the Complaint (and the Motion to Dismiss), the *2020* warrant was still under seal and Magras had not received a copy and did not have access to it.

[14] Pl.'s Compl. ¶¶33-36.

*Magras v. Bryan, et al*
Case No. ST-2023-CV-00105
Memorandum Opinion on Motion to Dismiss
Page 11 of 14

Cite as 2024 VI Super 5

charges be filed against an accused party before he or she leaves the Territory. As such, even considering the allegations in the light most favorable to Magras, the court finds that Count I does not state a claim upon which relief can be granted. Therefore, it will be dismissed.

### B. Count II

¶22     Magras also seeks a declaratory judgment stating the *2023* warrant is fatally defective because it cannot be based on legitimate criminal charges. Notably, the *2023* warrant states that Magras stands charged in the Territory with two counts of violating 14 V.I.C. § 834 and two counts of violating 14 V.I.C. § 1083(a)(1). Magras maintains there were no criminal charges against him when he left the Territory and, citing 5 V.I.C. § 3541, notes the statute of limitations for those crimes is three years. Magras, thus, claims it is too late to charge him with either crime because the statute of limitations expired before the *2023* warrant was issued and he has not been in the Territory since December 2019.

¶23     Defendants point out that on or about July 29, 2020, the Superior Court of the Virgin Islands issued an arrest warrant, the *2020* warrant, for Magras for crimes that allegedly occurred between August 2018 and May 2020. Defendants contend the issuance of the *2020* warrant tolled the statute of limitations. Magras' Complaint alleges, however, the *2023* warrant is fatally defective because Magras was not aware of criminal charges filed against him when he left the Virgin Islands – that is, Magras was not acquainted with the *2020* warrant.[15]

¶24     As discussed above, a person's lack of knowledge of criminal charges is not sufficient to quash a Governor's Warrant for their arrest. Despite the late production of the *2020* warrant, and

---

[15] Pl.'s Compl. ¶¶40-44.

*Magras v. Bryan, et al*
Case No. ST-2023-CV-00105
Memorandum Opinion on Motion to Dismiss
Page 12 of 14

Cite as 2024 VI Super 5

Magras' lack of knowledge that a warrant for his arrest was issued in *2020*, it is clear the *2020* warrant lodged charges for false pretense and grand larceny on July 29, 2020. The court accepts as true that no criminal charges were pending against Magras when he departed the Territory in December 2019. The court further accepts as true that Magras was unaware of the *2020* warrant until he was detained after the traffic stop on January 29, 2023. However, the mere existence of the *2020* warrant, despite Magras lacking knowledge of it, causes the court to conclude that the *2023* warrant is not defective. Thus, the court finds Count II fails to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). In addition, a claim for declaratory judgment is not an independent claim; there must first exist a justiciable claim. Accordingly, Count II will be dismissed.[16]

## C. Count III

¶25    Count III seeks injunctive relief and asks the court to enjoin Defendants from using the *2023* warrant to extradite Magras. The *2023* warrant states that Magras is "the accused" and "stands charged", which Magras argues is fatally defective on its face and should not be used to extradite him. Magras requests the Court to enjoin extradition of Magras to the Territory; and to recall the *2023* warrant, withdraw its filing in the FL case, and remove it from the local and national law enforcement records.

¶26    Defendants argue that Count III is not a valid claim because injunctive relief is a remedy, not a cause of action. *Alleyne v. Diageo USVI, Inc.*, 63 V.I. 384, 418 (V.I. Super. Ct. 2015). Indeed,

---

[16] If the People of the Virgin Islands had any duty to serve Magras or attempt to serve Magras with the *2020* warrant before he was detained during the traffic stop on January 29, 2023, Magras may raise that issue in the criminal case that is pending against him.

*Magras v. Bryan, et al*
Case No. ST-2023-CV-00105
Memorandum Opinion on Motion to Dismiss
Page 13 of 14

Cite as 2024 VI Super 5

Defendants assert the *2020* warrant was validly issued, pursuant to V.I. R. Crim. P. 4 and 5 V.I.C. § 3504, upon a finding of probable cause within the applicable statute of limitations.

**¶27**     Both Magras and Defendants acknowledge that Count III is presented as a claim for an injunction. However, injunctive relief is a remedy and not a cause of action. *Arvidson v. Buchar*, Super. Ct. Civ. No. ST-16-CV-410, 2017 WL 3670198, at *8 (V.I. Super. Ct. Feb. 2, 2017) (unpublished) (citations omitted). As a result, the court finds that Count III is not properly before the court. Thus, it will be dismissed. In addition, the Defendants' Reply reports that Magras was extradited to the Territory on or about June 2, 2023,[17] thereby making Count III moot.

## CONCLUSION

**¶28**     The court finds it does not have subject matter jurisdiction over the VITCA violation claim (Count IV) because Magras did not file a notice of, or intent to file, a claim per the requirements under VITCA.          Counts I, II, and III fail to state a claim upon which relief could be granted because the claims under Counts I and II do not present a definite and concrete justiciable controversy; and Count III, requesting injunctive relief, does not constitute a cause of action because the claim for injunctive relief is a remedy. In addition, Count III is now moot. Defendants' motion will be granted, and the matter will be dismissed.

---

[17] The court takes judicial notice that after his extradition to the Virgin Islands, the charges against Magras are encapsulated in *People of the Virgin Islands v. Jeffrey John Magras*, Case No. ST-2023-CR-000210.

*Magras v. Bryan, et al*
Case No. ST-2023-CV-00105
Memorandum Opinion on Motion to Dismiss
Page 14 of 14

Cite as 2024 VI Super 5

An Order consistent herewith will be filed contemporaneously herewith.

DATED: January 24, 2024

**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

By: **DONNA DONOVAN**
Court Clerk Supervisor 01 / 24 / 2024